UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO ARISMENDEZ,<br><br>Petitioner,<br><br>v.<br><br>M.L. MUNIZ,<br><br>Respondent. | No. 2:17-cv-0792 MCE CKD P<br><br>ORDER TO SHOW CAUSE |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition on the basis that it was not signed or verified by the petitioner. ECF No. 12.

**I.       Factual Background**

Petitioner was convicted following a jury trial in the Yolo County Superior Court of conspiracy to commit attempted murder, attempted premeditated murder, criminal street gang activity, possession of a firearm by a person previously convicted of criminal street gang activity, being a felon in possession of a firearm, and a separate count of being a felon in possession of ammunition. He was sentenced to an indeterminate prison term of 7 years to life, a 20 year firearm enhancement, and a separate determinate prison term of 9 years.

**II.      Procedural Background**

Following his conviction, petitioner filed a direct appeal in the California Court of Appeal which affirmed his convictions and sentence on November 3, 2015. The California Supreme

1

Court denied his petition for review on January 13, 2016.  A search of the California state courts case information database revealed no subsequent state habeas corpus petitions filed by petitioner.

### III.    Analysis

In resolving the pending motion to dismiss, the undersigned has reviewed the record and concluded that the absence of a signature is the least of petitioner's problems in pursuing federal habeas relief.  In his purported federal habeas application, petitioner completed the second, fifth, and sixth pages of the state habeas corpus form approved for use by the Judicial Council of California and attached a hand-written petition and memorandum of points and authorities in support of the petition.  ECF No. 1 at 1-41.  However, none of these documents are signed by petitioner.   Also attached to the petition is a copy of the direct appeal decision by the California Court of Appeal.  Id. at 45-71.  From the face of the petition, it appears as though the instant action was intended to be filed in the Yolo County Superior Court.  See ECF No. 1 at 1.

Based on a review of the documents attached to the petition, it appears that petitioner has properly exhausted his sufficiency challenges to the evidence raised on direct appeal before the California state courts.  However, it appears that petitioner seeks to present an additional confrontation clause challenge to the use of expert gang testimony during his trial.  This claim has not yet been exhausted in state court.  Therefore, if petitioner intended to file the instant petition before this court, he has filed a mixed petition which contains both exhausted and unexhausted claims for relief.  In this circumstance, a stay and abeyance of the federal court action may be appropriate while petitioner properly exhausts the confrontation clause challenge in state court.

Petitioner is advised that a federal court may stay a habeas petition and hold it in abeyance pursuant to either Rhines v. Weber, 544 U.S. 269 (1995), or King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). Kelly and Rhines set out different procedures and impose different requirements for obtaining a stay.  Under Rhines, 544 U.S. at 277-78, a federal habeas petition may be stayed only if (1) petitioner demonstrates good cause for the failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not been dilatory in pursuing the litigation.  See also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending

the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). Under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King v. Ryan, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). Once the additional claims have been exhausted, the petitioner may then amend his petition to add them to the original petition *if they are not time-barred*. Id. at 1135, 1140-41. The court may deny a request for stay under Kelly if the new claims would clearly be barred by the federal statute of limitations upon exhaustion. See id. at 1141.

If petitioner elects to proceed with the current federal action, petitioner may file an amended 28 U.S.C. § 2254 petition along with a motion for a stay and abeyance setting forth which claims have been exhausted and which he seeks to exhaust. Petitioner must also specify whether he seeks a stay pursuant to Rhines or Kelly. If petitioner elects to pursue a Rhines stay, he must demonstrate how he meets the requirements identified above for such a stay. By selecting this option, petitioner may hold his federal action in abeyance while exhausting state habeas corpus relief.

If petitioner intended to file the present action in the Yolo County Superior Court, petitioner may file a notice of voluntary dismissal in this court. Petitioner is further advised that any request to voluntarily dismiss the present habeas corpus action may preclude the federal court from reviewing any claims in a subsequently filed petition due to the one year statute of limitations of the AEDPA. See 28 U.S.C. § 2244(d)(1).

**IV.    Plain Language Summary for Pro Se Petitioner**

Since you are acting as your own attorney in this case, the court wants to make sure that you understand this order. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has identified several potential problems with the petition that you filed in April 2017. First, you need to let this court know whether you intended to file this petition in the Yolo County Superior Court, where your trial was held, or if you want to proceed in federal court. This court cannot forward a copy of the petition to be filed directly with the Yolo County Superior

3

Court.

If you choose to dismiss the pending federal case and file a habeas corpus petition in the Yolo County Superior Court, there is no guarantee that any of the claims you present in a subsequent federal habeas petition could be reviewed on the merits due to a one year statute of limitations.

If you intended to file the petition in federal court, you have a second option available. You may choose to file an amended federal habeas corpus petition which is signed under penalty of perjury. The court will then review this amended federal habeas petition, but it can only resolve claims that have been previously raised and presented in state court. If you have not raised all of your legal claims in state court then you may also file a motion to stay the amended federal habeas petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 21 days from the date of this order, petitioner shall notify this court whether: a) he intends to pursue habeas corpus relief in the Yolo County Superior Court by filing a notice of voluntary dismissal in this court; or, b) he intends to pursue federal habeas corpus relief by filing an amended 28 U.S.C. § 2254 petition along with a motion for a stay and abeyance;

2. The Clerk of Court is directed to send petitioner a form 28 U.S.C. § 2254 petition along with a copy of this order.

Dated: December 4, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/aris0792.osc.docx