UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO ARISMENDEZ,<br><br>Petitioner,<br><br>v.<br><br>DAVID BAUGHMAN,<br><br>Respondent.[1] | No. 2:17-cv-00792 MCE CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se in this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Currently pending before the court are respondent's motion to dismiss the petition as well as petitioner's motion to dismiss the unexhausted claims. ECF Nos. 12, 15. For the reasons discussed herein, the undersigned recommends granting respondent's motion to dismiss without prejudice and denying petitioner's motion to delete the unexhausted claims as moot.

**I.  Factual Background**

Petitioner was convicted following a jury trial in the Yolo County Superior Court of conspiracy to commit attempted murder, attempted premeditated murder, criminal street gang activity, possession of a firearm by a person previously convicted of criminal street gang activity, being a felon in possession of a firearm, and a separate count of being a felon in possession of

---

[1] The court substitutes David Baughman, the Acting Warden of California State Prison, Sacramento, as respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

ammunition. He was sentenced to an indeterminate prison term of 7 years to life, a 20 year firearm enhancement, and a separate determinate prison term of 9 years.

## II. Procedural Background

Following his conviction, petitioner filed a direct appeal in the California Court of Appeal which affirmed his convictions and sentence on November 3, 2015. The California Supreme Court denied his petition for review on January 13, 2016. A search of the California state courts case information database revealed no subsequent state habeas corpus petitions filed by petitioner.

## III. Motion to Dismiss

In a cursory two page motion to dismiss, respondent points out that the habeas petition does not include a signature or proof of service. ECF No. 12 at 1. It therefore violates Rule 11 of the Federal Rules of Civil Procedure as well as Rule 2 of the Rules Governing Section 2254 Cases. Id. at 1-2. Petitioner did not file a response to the motion to dismiss.

The lack of a response from petitioner prompted the court to issue an order to show cause after reviewing petitioner's federal habeas corpus application and the motion to dismiss. ECF No. 13. The show cause required petitioner to notify the court whether he intends: 1) to pursue habeas corpus relief in the Yolo County Superior Court by filing a notice of voluntary dismissal in this court; or, 2) to pursue federal habeas corpus relief by filing an amended 28 U.S.C. § 2254 petition along with a motion for a stay and abeyance. Id.

## IV. Motion to Delete Unexhausted Claims

In response to this court's December 4, 2017 order to show cause, petitioner filed a motion to delete the unexhausted claims listed in his federal habeas corpus petition. ECF No. 15. Petitioner was advised of his stay and abeyance options pursuant to either Rhines v. Weber, 544 U.S. 269 (1995), or King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)), but he has chosen neither of those options. Instead, petitioner has elected "to voluntarily dismiss all unexhausted claims and continue forward with the exhausted claims." ECF No. 15. Petitioner does not indicate any intention to return to state court to properly exhaust his confrontation clause challenge. Therefore, the court is left with an unsigned federal habeas petition appearing to raise both sufficiency challenges to the

2

evidence presented at trial as well as an unexhausted confrontation clause challenge to the use of expert gang testimony.

**V.      Analysis**

Respondent has correctly pointed out that the instant federal habeas application is not signed by petitioner in violation of Rule 2(c)(5) of the Rules Governing Habeas Corpus Cases Under Section 2254.  According to this rule, the petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Id.  Accordingly, the undersigned recommends dismissing petitioner's federal habeas corpus application without prejudice to filing an amended petition within 30 days from the district court judge's review of these Findings and Recommendations.

In light of this recommendation to allow petitioner to file an amended habeas petition, the pending motion to delete the unexhausted claims is rendered moot.  However, in filing any amended federal habeas application, petitioner is advised to use the form previously provided by the Clerk of Court and to identify each separate ground for relief.  See Rule 2(c), Rules Governing Section 2254 Cases.  If petitioner chooses not to pursue the unexhausted confrontation clause challenge or any other unexhausted claim, he may simply choose to not list it as a claim for relief on the form petition.  Furthermore, although petitioner may submit a separate memorandum to support his petition for relief, the court's habeas corpus form must contain all relevant claims, the facts supporting each claim, and the relief being requested.  Id.

**VI.     Plain Language Summary for Pro Se Party**

Since petitioner is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood.  The following information is meant to explain this order in plain English and is not intended as legal advice.

The habeas petition you filed with the court in April 2017 was not signed.  The court is not able to review any claims in the petition without your signature.  The court understands that you want to "dismiss all unexhausted claims and continue forward with the exhausted claims." ECF No. 15.  So, the magistrate judge who signs this order is recommending that you be permitted to file a new habeas corpus petition on the court approved form that is being sent to you.  **This**

3

**recommendation does not end your case. Your case will continue.**

If you agree with this decision, then you do not need to do anything in response until you receive a further order from the court signed by District Judge Morrison C. England, Jr.

If you do not agree with this decision, then you can explain why it is wrong by filing papers and labeling them as your "Objections to Magistrate Judge's Findings and Recommendations." Your case will then be reviewed by District Judge Morrison C. England, Jr. who will write a separate order explaining his decision.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 12, be granted.
2. Petitioner's motion to voluntarily dismiss the unexhausted claims in his federal habeas corpus application, ECF No. 15, be denied as moot.
3. Petitioner's federal habeas corpus application, ECF No. 1, be dismissed without prejudice to filing an amended petition within 30 days on the court approved form.[2]
4. Any amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form. It must bear the case number assigned to this action and must contain the title "Amended Petition."
5. The Clerk of the Court be directed to send petitioner a new habeas corpus application form.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////

---

[2] By setting this deadline, the court is making no finding or representation that an amended petition would be timely filed pursuant to the one year statute of limitations described in 28 U.S.C. § 2244(d).

4

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 7, 2018

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/aris0792.mtd+exhaust.docx