UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO ARISMENDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID BAUGHMAN,<br><br>    Respondent. | No. 2:17-cv-00792-MCE-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner is a California state prisoner proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. On March 4, 2019, petitioner filed a motion to stay this federal habeas action as well as a motion for an extension of time to file a first amended habeas petition.[1] ECF Nos. 22-23. Respondent filed an opposition to the motion for a stay on March 27, 2019. ECF No. 24. On April 28, 2019, petitioner filed a reply to the opposition. ECF No. 25. Several days later, petitioner filed a first amended § 2254 petition along with a second motion to stay and abey these proceedings in order to exhaust additional claims in state court. For the reasons explained in greater detail below, the undersigned recommends that petitioner's motion for a stay be granted in part and denied in part.

/////

---

[1] All filing dates are calculated using the prisoner mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

1

I.     **Procedural History of the Case**

The procedural history of this case demonstrates the difficulties that petitioner has had in not only completing basic court forms but, even more so, in maneuvering through the complex web of federal habeas procedures. Petitioner's initial federal habeas application was filed using the state court form, was not signed by petitioner, and indicated that it may have been intended to be filed in the Yolo County Superior Court where petitioner was convicted. ECF No. 1. Before any of these issues were addressed by the court, petitioner was provided multiple opportunities to pay the $5.00 filing fee or request in forma pauperis status to proceed in this civil action. See ECF Nos. 3, 5, 6. Eventually, petitioner chose to pay the filing fee rather than complete the in forma pauperis application. ECF No. 6.

Following service of the federal habeas petition on respondent and a motion to dismiss based on the lack of a signature on the petition itself, the undersigned ordered petitioner to show cause whether he intended to "pursue habeas corpus relief in the Yolo County Superior Court by filing a notice of voluntary dismissal in this court; or, [whether] he intend[ed] to pursue federal habeas corpus relief by filing an amended 28 U.S.C. § 2254 petition along with a motion for a stay and abeyance." ECF No. 13 at 4. Petitioner was not only advised that he may file a motion for a stay and abeyance, but he was also informed of the legal standards for doing so pursuant to either Rhines v. Weber, 544 U.S. 269 (1995), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).[2] ECF No. 13 at 2.

After being granted a sua sponte extension of time to respond to the order to show cause, petitioner filed a single page motion to voluntarily dismiss his unexhausted claims. ECF No. 15. The court notes that this motion did not even identify which unexhausted claim or claims petitioner was seeking to dismiss from his federal habeas petition. ECF No. 15. This motion appears to have been filed more in an effort to comply with the court-ordered extension of time rather than a knowing abandonment of a potential claim for relief.

On May 7, 2018 the undersigned issued Findings and Recommendations that respondent's

---

[2] In so doing, the court noted that "the absence of a signature is the least of petitioner's problems in pursuing federal habeas relief." ECF No. 13 at 2.

motion to dismiss be granted without prejudice to petitioner filing an amended federal habeas application that was verified. ECF No. 17. These Findings and Recommendations emphasized that an amended federal habeas application should be filed using the court-approved form and should include petitioner's signature.[3] ECF No. 17 at 4. On June 15, 2018, the district judge assigned to this case adopted the Findings and Recommendations in full. ECF No. 18. Petitioner's federal habeas petition was dismissed without prejudice to filing an amended petition within 30 days. Id.

Following two additional extensions of time, petitioner filed the first of his pending motions for a stay on March 4, 2019. ECF No. 22. However, by that point, there was no federal habeas petition that could be stayed since it had been dismissed without prejudice on June 15, 2018. Accordingly, the court will not address the substance of this first motion as it is moot.

Petitioner filed a second motion for a stay and abeyance on April 29, 2019 along with a first amended federal habeas petition. ECF Nos. 26-27. In order to understand the stay and abeyance options available to petitioner, the court must first determine whether the amended federal habeas petition contains any unexhausted claims for relief. Compare Rhines v. Weber, 544 U.S. 269(1995); with Mena v. Long, 813 F.3d 907, 910-12. (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). Petitioner raises three claims for relief in his amended federal habeas application. First, petitioner challenges the sufficiency of the evidence to support his conviction for attempted premeditated murder. ECF No. 26 at 5. Next, petitioner asserts that the evidence is insufficient to support his conviction as an aider and abettor of the shooting. ECF No. 26 at 19. Lastly, petitioner challenges the sufficiency of the evidence supporting his conviction for being a felon in possession of ammunition. ECF No. 26 at 26. Petitioner contends that he has properly exhausted all three of these claims in state court, but is "seeking [a] stay and abeyance to exhaust other claims." Id. at 37.

/////

---

[3] The Clerk of Court was directed to send petitioner a new habeas corpus application form.

## II. Motions to Stay and Abey

In his April 30, 2019 motion for a stay, petitioner specifically requests a stay and abeyance pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (1995). ECF No. 27 at 1. Petitioner explains that he was unable to properly exhaust three additional claims for relief due to the ineffective assistance of his appellate lawyer and because the prison where he was housed did not have Spanish language legal materials. ECF No. 27 at 1-2. As a native Spanish speaker, petitioner "just recently" was able to locate a bilingual inmate to assist him in litigating his pending federal habeas petition. ECF No. 27 at 3. Petitioner seeks a stay in order to exhaust: 1) ineffective assistance of trial/appellate counsel claims for failing to "properly investigate, object and preserve" issues in trial and at sentencing; 2) a sentencing challenge based on an intervening change in state law that has retroactive effect; and, 3) the admission of gang expert testimony in violation of the confrontation clause. <u>Id.</u> at 4-6. Petitioner later specifies that his trial counsel failed to object to the use of uncorroborated accomplice testimony. ECF No. 27 at 10.

Also attached to the motion is a declaration from petitioner's new jailhouse lawyer. ECF No. 27 at 20-28. This declaration indicates that he met petitioner in late February 2019 and agreed to assist him in this federal habeas case because petitioner has a "low IQ and grade point average" in addition to his inability to read and write English. ECF No. 27 at 21-23. According to the jailhouse lawyer, CSP-Sacramento does not have Spanish language legal materials in the prison library or on the Law Library Electronic Delivery System (LLEDS). ECF No. 27 at 23.

Although no opposition was filed to petitioner's second motion for a stay, the court reviewed respondent's opposition filed on March 27, 2019. ECF No. 24. In it, respondent argues that petitioner cannot demonstrate any unexhausted claim has merit because petitioner had yet to file any amended habeas petition as ordered by the court. ECF No. 24 at 1-2. However, this ignores the procedural history of this case including the December 4, 2017 order to show cause which describes the unexhausted confrontation clause challenge included in petitioner's original mixed habeas petition. <u>See</u> ECF No. 13 (OSC); ECF No. 22 (motion for stay describing confrontation clause challenge that appellate counsel failed to include). Additionally, the court notes that respondent had the opportunity to oppose petitioner's second motion for a stay that was

filed after his first amended § 2254 petition, but chose not to do so.

**III.     Legal Standards**

A federal court may stay a habeas petition and hold it in abeyance pursuant to either Rhines v. Weber, 544 U.S. 269 (1995), or King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009)/ Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)).[4] Rhines and King/Kelly set out different procedures and impose different requirements for obtaining a stay. Under Rhines, 544 U.S. at 277-78, a mixed federal habeas petition may be stayed only if (1) petitioner demonstrates good cause for the failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not been dilatory in pursuing the litigation. The Rhines procedure has also been applied to wholly unexhausted federal habeas petitions. See Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). Under King/Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King v. Ryan, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). A petitioner does not have to demonstrate good cause in order to obtain a Kelly stay. King, 564 F.3d at 1139-1140. Once the additional claims are exhausted in state court, petitioner is allowed to amend his federal habeas application so long as the claims are timely-filed or "relate back" to the exhausted claims in the stayed petition. See King, 564 F.3d at 1140-1141; see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005). The court may deny a request for stay under King/Kelly if the new claims would clearly be barred by the federal statute of limitations upon exhaustion. See King, 564 F.3d at 1141.

**IV.     Analysis**

Based on the court's review of the direct appeal opinion attached to petitioner's initial federal habeas application, the undersigned finds that all of the claims in the first amended petition have been properly exhausted in state court. ECF No. 1 at 46-47, 54-63 (direct appeal opinion). Accordingly, the amended habeas petition is wholly exhausted and cannot be stayed pursuant to Rhines v. Weber, 544 U.S. at 277 (emphasizing that this procedure applies to a

---

[4] Hereinafter referred to as the "King/Kelly."

5

"'mixed petition,' i.e., one containing both exhausted and unexhausted claims…."). To the extent that petitioner's motion seeks a Rhines stay, the undersigned recommends denying the motion.

The stay and abeyance procedure that remains available to petitioner is that outlined in Kelly v. Small, 564 F.3d 1133 (9th Cir. 2009). While petitioner does not need to demonstrate "good cause" for his lack of exhaustion to be entitled to a Kelly stay, he does need to be aware that this procedure does not guarantee federal review of his newly exhausted claims in light of the AEDPA's one-year statute of limitations which has not been tolled during the pendency of this federal action. See 28 U.S.C. § 2244(d); Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (AEDPA's statute of limitations is not tolled by the filing of federal habeas petition). Petitioner's jailhouse lawyer makes several salient arguments regarding equitably tolling the statute of limitations in this case. However, those arguments are premature and the court will not address the timeliness of any claims petitioner seeks to exhaust in state court at this juncture.[5] The court will address that question when, and if, petitioner seeks leave to present his newly exhausted claims to this court in a second amended federal petition pursuant to the third step of the Kelly stay and abeyance procedure. See Mayle, 545 U.S. at 659 (newly exhausted claim that is untimely under AEDPA may be added only if it "relates back" to the original exhausted claims); Duncan, 533 U.S. at 172–75 (AEDPA's statute of limitations is not tolled by the filing of federal habeas petition); King, 564 F.3d at 1140–41 (a newly exhausted claim may be added to a stayed federal petition if timely under ADEPA).

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for an extension of time to file an amended habeas petition (ECF No. 23) is denied as moot in light of his subsequently filed first amended federal habeas corpus petition.[6]

IT IS FURTHER RECOMMENDED that:

1. Petitioner's motion for a stay filed on March 7, 2019 (ECF No. 22) be denied as moot

---

[5] The court does recognize at this point that petitioner's lack of English language skills explains his inability to follow the court's prior notice about the stay and abeyance options. See ECF No. 13 (order to show cause dated December 4, 2017).

[6] Petitioner had already been granted leave to file an amended federal habeas corpus petition by order dated June 15, 2018.

6

since there was no pending federal habeas corpus petition to stay at that juncture.

2. Petitioner's motion to stay his first amended federal habeas petition (ECF Nos. 27) be granted in part and denied in part. To the extent that the motion seeks a stay pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the motion be denied. Petitioner's motion to stay and abey this action pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), be granted.

3. The Clerk of Court be directed to administratively stay the first amended federal habeas petition (ECF No. 26) until further order of the court.

4. Petitioner be directed to file a status report with the court every 90 days indicating what efforts he has taken to exhaust his state court remedies.

5. Petitioner be further directed to file a motion to lift the stay within 30 days of any decision by the California Supreme Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). **No extensions of time to file objections shall be granted in this matter.**

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The undersigned is recommending that the motion to stay your federal habeas petition be granted to permit the exhaustion of your additional claims in state court. If you disagree with this recommendation you may file "Objections to Magistrate Judge's Findings and Recommendations" within fourteen days and explain why this conclusion is wrong.

7

This recommendation and any objections will be reviewed by the district court judge assigned to your case. If the district judge agrees to stay your case, you will have to file a STATUS REPORT EVERY 90 DAYS explaining what you have done to exhaust your claims in state court. Once the California Supreme Court issues an order addressing any unexhausted claims, you must file a NOTICE OF EXHAUSTION in this court within 30 days from the date of the final state court decision in your case.

Dated: January 13, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/aris0792.motion2stay.docx