UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO ARISMENDEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DAVID BAUGHMAN,<br><br>　　　　　Respondent. | No. 2:17-cv-00792-MCE-CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the amended federal habeas corpus petition on the basis that it is barred by the statute of limitations. ECF No. 34. For the reasons discussed below, the court recommends that the motion to dismiss be granted and petitioner's amended application for federal habeas corpus relief be dismissed with prejudice.

**I.    Factual and Procedural History**

Petitioner was convicted following a jury trial in the Yolo County Superior Court of attempted premeditated murder, criminal street gang activity, possession of a firearm by a person previously convicted of criminal street gang activity, felon in possession of a firearm, and felon in possession of ammunition. See ECF No. 1 at 45-46 (direct appeal opinion). The jury also found additional gun and gang allegations to be true and the trial court determined that petitioner had

previously suffered two prior strike convictions. ECF No. 1 at 45-46. On October 30, 2012, petitioner was sentenced to serve 7 years to life in prison plus an additional determinate term of 29 years. ECF No. 26 at 46. The California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review on January 13, 2016. See ECF Nos. 35-4, 35-6.

Petitioner did not file any subsequent legal challenges to his conviction until the instant § 2254 petition was filed in this court on April 14, 2017.[1] The petition raised a confrontation clause challenge to the admission of "hearsay, improper opinions, and hypothetical questions" of the gang expert at trial. ECF No. 1 at 8.

On June 15, 2018, this court adopted the prior Findings and Recommendations to dismiss the § 2254 petition without prejudice because petitioner did not sign it. ECF No. 18. The court granted petitioner leave to file an amended § 2254 petition. ECF No. 18.

Following extensions of time, petitioner filed an amended § 2254 petition on April 30, 2019 raising three claims for relief.[2] ECF No. 26. In his first claim for relief, petitioner raises a sufficiency challenge to the evidence that he committed premeditated attempted murder. ECF No. 26 at 5-17. Next, petitioner contends that the evidence was insufficient to sustain the finding that he aided and abetted the direct perpetrator of the attempted murder with the specific intent to kill. ECF No. 26 at 19-25. Lastly, petitioner challenges the sufficiency of the evidence that he had actual or constructive possession of ammunition found in an unlocked trunk of a friend's car. ECF No. 26 at 26-33.

**II.  Motion to Dismiss**

In his motion to dismiss filed on November 9, 2020, respondent contends that the amended § 2254 petition was filed over two years after the statute of limitations expired. ECF No. 34. Specifically, respondent calculates that petitioner's conviction became final on April 12,

---

[1] The petition was not dated or signed by petitioner so the prison mailbox rule could not be applied to determine the constructive filing date.

[2] The filing date of the amended petition was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

2016 following the expiration of the 90-day period to seek certiorari review of his direct appeal. ECF No. 34 at 2. The one-year statute of limitations governing § 2254 petitions commenced the next day and expired on April 12, 2017. Id. Petitioner did not file any state habeas corpus petitions challenging his conviction, so he is not entitled to any statutory tolling of the statute of limitations according to respondent. ECF No. 34 at 2. Furthermore, petitioner's sufficiency of the evidence challenges to his conviction presented in the amended § 2254 petition do not relate back to the challenge to the gang expert's testimony in his original petition. ECF No. 34 at 2-3. Accordingly, there is no basis to conclude that any of the claims in the amended § 2254 petition were timely filed. For this reason, respondent requests that the amended § 2254 petition be dismissed with prejudice. ECF No. 34 at 4.

On January 25, 2021, petitioner was ordered to file an opposition or a statement of non-opposition to the motion to dismiss within 21 days. ECF No. 23. Petitioner did not respond to the court's order and the time for doing so has expired. Accordingly, the motion is ripe for adjudication.

**II.     Legal Standards**

**A. Statute of Limitations**

Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates which are described as:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

/////

3

### B. Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has expired (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

### C. Equitable Tolling

A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). The Supreme Court has further clarified that the diligence required to establish entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only "'reasonable diligence.'" Holland, 560 U.S. at 653 (citations omitted). However, the Ninth Circuit has cautioned that "the threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted). Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). With respect to equitable tolling, "the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir.

2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

### D. Relation Back Doctrine

Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." This rule applies in habeas corpus proceedings. Mayle v. Felix, 545 U.S. 644, 650 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000). In Mayle, the Supreme Court held that relation back is appropriate if the claim to be amended into the petition is tied to the original timely petition by "a common core of operative facts." Mayle, 545 U.S. at 664. Conversely, the claim does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth. Id. at 650. The Mayle court expressly rejected the Ninth Circuit's interpretation of the rule that a claim relates back if it arises merely from the same judgment and conviction. Id. at 656–657. "An amended habeas petition does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (quoting Mayle, 545 U.S. at 650).

### III. Analysis

In the instant case, petitioner's conviction became final on April 12, 2016 following the expiration of time to file a petition for writ of certiorari in the United States Supreme Court. See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The one-year statute of limitations started the next day and expired one year later on April 12, 2017. Petitioner is not entitled to any statutory tolling of the statute of limitations because he did not file any state habeas corpus petitions. See 28 U.S.C. § 2244(d)(2). The amended § 2254 petition was filed on April 30, 2019 using the prison mailbox rule. See ECF No. 26 at 40. Therefore, the amended § 2254 petition was filed more than two years after the statute of limitations expired.

In this case, there are two arguments presented from the evidence in the record that could render the amended § 2254 petition timely. First, petitioner requests equitable tolling of the statute of limitations based on the unavailability of Spanish language legal materials at the prison

law library at California State Prison-Sacramento ("CSP-Sac"). See ECF No. 26 at 38, 40. Second, respondent raises the application of the relation-back doctrine to the claims presented in petitioner's original § 2254 petition, but still argues that the claims currently before the court were untimely filed. The court will address each issue in turn.

Turning first to the issue of equitable tolling, petitioner indicates that he only "speaks and read[s] Spanish" and that he was unable to understand the filing deadline because the prison where he was housed did not offer Spanish language legal materials. ECF No. 26 at 38. Petitioner goes on to state that he arrived at CSP-Sac in October 2017. ECF No. 26 at 39. However, by that point in time, the statute of limitations had already expired. Therefore, the court finds that the unavailability of Spanish language legal materials was not the but-for cause of petitioner's untimely filing.[3] See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (emphasizing that "[t]he prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness). Petitioner is not entitled to any equitable tolling of the statute of limitations on this basis.

The second issue in this case that will determine whether the pending claims were timely filed is whether they relate back to the claims in his original § 2254 petition. Respondent does not appear to challenge the timeliness of petitioner's original § 2254 petition even though it is not dated.[4] See ECF No. 1 at 10-11. Therefore, the court will assume without deciding that petitioner's original § 2254 application that was docketed on April 14, 2017 was timely filed. In the original § 2254 application, petitioner raised a confrontation clause challenge to the admission

---

[3] The court also notes that petitioner attached a letter in English from his direct appeal lawyer dated January 19, 2016. ECF No. 1 at 72-74. This letter explained the process for filing a pro se petition for writ of certiorari in the Supreme Court, a state habeas corpus petition, and a federal habeas corpus petition. Id. Most importantly, the letter specifically advised petitioner of the time limits for pursuing each type of relief. Id. Petitioner acknowledged receiving this letter on January 24, 2016. See ECF No. 1 at 15. Even if it took petitioner several months to find a bilingual inmate to translate this letter to him, he still would have had a full year to file a timely federal habeas petition.

[4] Respondent's earlier motion to dismiss challenged the original § 2254 petition on the basis that it was not signed in violation of Rule 2(c)(5) of the Rules Governing Habeas Corpus Cases Under Section 2254. See ECF No. 12.

of "hearsay, improper opinions, and hypothetical questions" of the gang expert at his trial. ECF No. 1 at 8, 38. The amended § 2254 petition raises three separate sufficiency challenges to the evidence of premeditated attempted murder, the aiding and abetting theory of liability, and petitioner's actual or constructive possession of ammunition. ECF No. 26 at 5-33. In order to relate back to the earlier timely filed § 2254 petition, these claims must arise from the same "conduct, transaction, or occurrence" as his challenge to the gang expert's testimony. See Mayle v. Felix, 545 U.S. 644, 656 (2005). Here, petitioner's sufficiency challenges to the evidence not only involve different legal theories but also rely on facts beyond those of the gang expert. See Espinoza v. Hill, 2012 WL 5868318 at *4 (E.D. Cal. Nov. 19, 2012) (finding that amended habeas claims do not relate back to the timely-filed claim where "[t]he facts of claim one do not implicate the facts of the gang expert witness evidence while claims two and three plainly do."). The admission of a gang expert's testimony concerns a specific occurrence during the trial. A sufficiency challenge to the quantum of evidence supporting a conviction concerns the whole record rather than isolated portions of it. See ECF No. 35-4 at 10-11 (direct appeal opinion describing the standard of review for a sufficiency challenge). These claims therefore differ in both time and type. See Mayle, 545 U.S. at 657. The undersigned therefore finds that petitioner's amended habeas claims do not relate back to his timely-filed confrontation clause challenge. Based on this analysis, it is recommended that respondent's motion to dismiss be granted and petitioner's amended § 2254 petition be dismissed with prejudice.

### IV. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss, the undersigned has determined that you filed your amended federal habeas petition too late. The claims raised in your amended § 2254 petition do not relate back to the original petition that you filed in this court, so they are untimely filed. As a result, the claims raised in the habeas petition will not be addressed on the merits and it is recommended that your amended habeas petition be dismissed with prejudice.

If you disagree with this result, you have 14 days to explain to the court why it is wrong.

Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review them and render the final decision.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 34) be granted.

2. Petitioner's first amended habeas corpus petition be dismissed with prejudice as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 4, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/aris0792.mtd.sol.docx